Brian H. Song, Esq. #188662
*Briansong@Bhslawllp.com*
BHS LAW, LLP
2559 S. Bascom Avenue
CAMPBELL, CA 95008
TEL: (408)628-4257
FAX: (408)628-4258

Attorney for Plaintiff
Eddy Wai Yip Lee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| EDDY WAI YIP LEE, individually and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GEORGE CARDONA, in *his official capacity* as Chief Trial Counsel of STATE BAR OF CALIFORNIA; LUIS MENDOZA, individual; CAPSTONE LAW APC, California Corporation; MELISSA GRANT, individual; BEVIN ALLEN PIKE, individual; JOHN STOBART, individual; DANIEL JONATHAN, individual; TRISHA MONESI, individual; SHEALENE MANCUSO, individual; RYAN WU, individual; and Does 1 through 10, inclusive.<br><br>　　　　Defendants. | CASE NO.: **5:25-CV-4845**<br><br>**COMPLAINT FOR CLASS ACTION**<br><br>**(1)** 42 U.S.C. § 1983<br><br>**(2)** SUIT IN EQUITY TO VACATE VOID JUDGMENT<br><br>**(3)** BANE ACT VIOLATION<br><br>**(4)** BREACH OF FIDUCIARY DUTY/PROFESSIONAL NEGLIGENCE<br><br>**(5)** EQUITABLE / IMPLIED CONTRACTUAL INDEMNITY<br><br>**JURY TRIAL DEMANDED** |

-cover page-

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax: (408)748-3309

Plaintiff Eddy Wai Yip Lee ("Eddy Lee"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

PARTIES

**1.** Plaintiff Eddy Lee is, and at all times relevant herein was, competent adults, supervisors of the hourly workers of WCQ and himself was an hourly worker, and were members of the class certified in a prior class action titled, "*Mendoza et al. v. West Coast Quartz Corporation et al.*", Alameda Court Case Number: RG18927787 ("**UCA**").

**2.** Defendant George Cardona ("**CTC**") is sued herein in his *official* capacity as Chief Trial Counsel of the State Bar of California is, and at all times herein was, a competent adult.

**3.** Defendant Luis Mendoza is, and at all times herein was, a competent adult, and resident of either Union City, Alameda County or Hollister, Santa Clara County.

**4.** Defendant Capstone is a law corporation located in Los Angeles, California, and is the record class counsels of UCA.

**5.** Defendant Melissa Grant is, and at all times herein was, a competent adult, and is a member of the State Bar of California.

**6.** Defendant Bevin Allen Pike is, and at all times herein was, a competent adult, and is a member of the State Bar of California.

**7.** Defendant John Stobart is, and at all times herein was, a competent adult, and is a member of the State Bar of California.

**8.** Defendant Daniel Jonathan is, and at all times herein was, a competent adult, and is a member of the State Bar of California.

**9.** Defendant Trisha Monesi is, and at all times herein was, a competent adult and is a member of the State Bar of California.

**10.** Defendant Shealene Mancuso is, and at all times herein was, a competent adult and is a member of the State Bar of California.

**11.** Defendant Ryan Wu is, and at all times herein was, a competent adult and is a member of the State Bar of California.

**12.** Defendants Grant, Allen Pike, Stobart, Jonathan, Monesi, Mancuso, and Wu are and were

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

at all times relevant herein, on information and belief, associates, of counsel, and/or partners or shareholders of Defendant Capstone Law APC. The phrase "**Capstone Defendants**" used herein shall mean the individual lawyers together with Capstone Law APC, collectively.

13. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

14. Plaintiff are informed and believe, and thereon allege, that each defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

15. Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 10, inclusive, is directly or indirectly responsible in some manner for the occurrences, controversies and damages alleged herein, in various capacities, including but not limited to serving as joint employer, joint tortfeasor, single enterprise, or agents of the other defendants. Each defendant approved, participated in, controlled, or ratified the acts of all other defendants.

16. Whenever and wherever reference is made in this complaint to any conduct by "Defendants," such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.

17. At all times herein mentioned, Defendants were acting within the purpose, course and scope of said agency and/or employment so as to invoke vicarious liability and *respondeat superior* liability among other theories of liability to hold Defendants liable and responsible for the injuries and damages to Plaintiff.

18. At all times herein mentioned, Defendants, including all Defendants' managing agents, officers and directors, had advanced knowledge of and/or ratified each and every act or omission complained of throughout this complaint.

19. At all times herein mentioned, Defendants and/or their managing agents, officers or directors committed and/or participated in the wrongful acts and omissions complained of throughout this

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257. Fax: (408)748-3309

complaint or ratified such acts and omissions.

20. At all times herein mentioned, Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

21. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

22. **Jurisdiction**. This action is brought under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C Sec. 1983, among others. Jurisdiction is proper under 28 U.S.C. Secs. 1331 and 1343, as applicable to actions brought for the redress of violations of a plaintiff's constitutional and civil rights under the United States Constitution. This Court has the authority to award Plaintiff declaratory relief under 28 U.S.C. Secs. 2201 and 2202. This Court has authority to award Plaintiff attorney fees under 42 U.S.C. Sec. 1988(b) and California Code of Civ. Proc. Sec. 1021.5.

23. **Venue**. Venue in the Northern District of California is proper under 28 U.S.C. Sec. 1391 subds. (b) and (c) because the events giving rise to this claim occurred within Los Angeles County, and because some or all individual defendants reside and/or maintain an office in the district.

24. **Intradistrict Assignment**. This matter should be assigned to the San Jose Division of this Court because a related action is already pending in this Division. See *Bhs Law LLP v. Worldex Industry and Trading Co., Ltd. and Luis Mendoza*, 25-cv-4471 (ND Cal, San Jose Division).

## GENERAL ALLEGATIONS

### Federally and State Law Protected Labor Rights

26. Plaintiff is currently employed at West Coast Quartz Corporation, a California corporation ("WCQ") with branch offices and other representatives in several States and subsidiaries in oversea countries and is engaged in interstate and international commerce. Since 1981, WCQ has manufactured and sold quartz and silicon products used as supplies and commodities to semiconductor industries.

27. During the relevant period (since 2014 to 2019), after having engaged in informal talks and discussions with the hourly workers, WCQ instituted, and had maintained, a meal break policy for its hourly workers, under which the company provided only mandates (with warnings not to breach

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

guidelines) and delegated the authorities to schedule, monitor and enforce the actual break schedules to supervisors and leads of the hourly workers (collectively, the "**Company Mandates**").

28. Many of the supervisors and leads are also hourly workers. Under and subject to the policy, the company permitted its hourly workers to take meals during rest breaks (with extended rest break periods) and otherwise permitted complete freedom to take meals on or off the clock, and as to whether, when, or how long or short the actual meals should be. The foregoing is described as "**Meal Break Freedom**" herein. Accordingly, many hourly workers took meals on the clock, while separately and additionally taking off-the-clock 30-minute meal breaks later, shorter, or none. Such irregular practice of taking off-the-clock 30-minute breaks resulted in time records of the hourly workers greatly distorting the reality as to when the workers actually had breaks to have meals. The foregoing situation is described herein as "**Irregular Time Records**."

29. Plaintiff respectfully requests this Court to take judicial notice of the provisions of the following statutes (quoted in **relevant** portions only) (collectively, "**Statutory Labor Rights**"):

    (a) 29 USC §157 provides "Rights of hourly workers as to organization, collective bargaining, etc. [:] Employees shall have the right …to engage in other concerted activities for the purpose of … other mutual aid or protection…"

    (b) Cal. Lab. Code §923 provides "Public policy as to labor organization and collective bargaining [:] …the public policy of this State is declared as follows: Negotiation of terms and conditions of labor should result from voluntary agreement between employer and hourly workers…"

<u>Allegations Pertaining to Capstone Defendants</u>

(When Appropriate, Additional Individual Claims Separately Alleged Below)

30. By knowingly misinterpreting Irregular Time Records as products of the unlawful meal break policy, Capstone Defendants maintained UCA. Over the course of UCA, Capstone Defendants committed the following wrongful actions: (i) coached class representative Mendoza to fabricate testimonies during deposition, (ii) knowingly included supervisors into the class for the reasons and results detailed below, (iii) asserted frivolous claims, arguing that class members were damaged by committing conducts that the company specifically prohibited from doing with warnings of disciplines, (iv) submitted

false declarations, (v) impeached known class members, (vi) verbally attacked and intimidated a witness & class member John Yasa for telling truth, (vii) withheld key facts from court, thus committing fraud on court, (viii) attempted to bribe key witnesses (namely, class representative's own supervisor and other supervisors), and (ix) maintaining UCA in breach of their fiduciary duty to the class and the putative class (collectively, "Frauds on Court").

**31.** By 2020, because of UCA, WCQ ended Meal Break Freedom and started to enforce lawful but more stringent meal break schedules.

**32.** By 2022, Plaintiff and other nonexempt supervisors submitted declarations disputing and denouncing the allegations of UCA.

**33.** By 2022, [*reserved for future use*].

**34.** By 2022, Capstone Defendants knew nonexempt supervisors were responsible for scheduling and providing meal breaks for their subordinate nonexempt workers because, in addition to aforementioned declarations, among others, WCQ had produced certain pre-UCA training materials for the supervisors, including Plaintiff, about the supervisors' responsibility for providing meal breaks to their subordinates and potential liability for failing to do so. Yet, Capstone Defendants maintained the claims that WCQ had not provided meal breaks to the class members.

**35.** By November 1, 2024, the time period within which trial should have started for UCA under Code Civ. Proc. § 583.310 expired. Prior to the expiration, the Court held the last case status conference on October 24, 2024, during which the Court ruled (over WCQ's objection) that Capstone Defendant had worked diligently to bring UCA to trial. Following the conference, Capstone Defendant took no other action except for issuing Notice of Trial to WCQ's officer. Capstone Defendant did not even seek this Court's order to begin trial at any date and simply waited until November 12, 2024.

**36.** Capstone Defendants called their first witness for trial on November 12, 2024.

**37.** WCQ called Plaintiff Eddy Lee to the trial to testify. Plaintiff Eddy Lee testified at the trial on November 26, 2024. During his testimony, Plaintiff Lee testified to the facts undermining and contradicting allegations of UCA. Capstone Defendants cross-examined and impeached Plaintiff Lee.

**38.** In April and May 2025 (this year, just several and few weeks ago, respectively), this Court entered judgment in favor of Mendoza and the class of UCA. However, winning judgment is not defended

BHS Law, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257, Fax: (408)748-3309

1   against subsequent lawsuits against such class counsel for, among other things, breach of fiduciary duty
2   and professional negligence as held by *Janik v. Rudy, Exelrod & Zieff*, 119 Cal.App.4th 930 (2004)

**39.**   The judgment [*reserved for future use*].

## CLASS ACTION ALLEGATIONS

**40.**   Plaintiff brings this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382.

**41.**   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

**42.**   Subject to modification following discovery, Plaintiff proposed two classes:

**(a)**   All class members of UCA, for the loss of claims [*reserved for future use*], but failed to do so, resulting in the loss of the claims due to time bar, for the indemnity claims and breach of fiduciary duty, and other related claims (collectively, "**Breach Claims**").

**(b)**   All hourly workers of WCQ, whose Constitutional and Statutory Labor Rights were directly or indirectly interfered with and/or oppressed or infringed, by UCA and subsequent actions on the part of Defendant (collectively, "**Bane Act Claims**").

**43.**   There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

**(a)**   Whether CTC failed to perform its duties to the degree causing harm and injuries to the rights of Plaintiff and other hourly workers;

**(b)**   Whether Defendants violated Plaintiff's and the hourly workers' Constitutional and Statutory Labor Rights on terms favorable to them;

**(c)**   Whether Defendants breached their fiduciary and professional duties to Plaintiff and other members of the class of UCA;

**(d)**   Whether and how Defendants should indemnify Plaintiff and the hourly workers for maintaining UCA with Defendants' knowledge of Company Mandates and other factors;

BHS Law, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257. Fax: (408)748-3309

**(e)** Whether Defendants should be held liable for punitive damages due to their intentional and egregious disregard for the legal rights of the class members, particularly in light of their deceitful conduct, delays, and failure to pursue claims that could have provided significant relief to the class; and

**(f)** The appropriate damages, penalties, and remedies that class members are entitled to under California law.

**44.** There is a well-defined community of interest in the litigation and the class members are already defined and/or readily ascertainable:

**(a)** Numerosity: The members of the class are so numerous that joinder of all members would be impractical. While the precise number of class members has not yet been determined, Plaintiff estimates the class to consist of over 150 individuals who were similarly affected by Defendants' unlawful conduct in the class action.

**(b)** Typicality: Plaintiff claims are typical of the claims of the class because Plaintiff, along with the other hourly workers, were similarly affected by Defendants' wrongful actions.

**(c)** Adequacy: Plaintiff will fairly and adequately represent and protect the interests of all proposed class members. Plaintiff have no interests antagonistic to the proposed class and have retained counsel experienced in class action litigation to ensure vigorous representation of the class members.

**(d)** Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Individual litigation by each class member would be impractical and could lead to inconsistent or contradictory judgments. A class action will allow for the resolution of common issues and conserve judicial resources while protecting the rights of class members.

**(e)** Public Policy Considerations: Defendants' actions in the class action deprived the hourly workers of the hourly workers' right to negotiate and bargain with the management to better their working environment, a key right, under California law. Class actions provide a mechanism for class members to seek justice while maintaining privacy and avoiding direct confrontation with Defendants.

BHS Law, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

## FIRST CAUSE OF ACTION

<u>42 U.S.C. § 1983</u>

(Against George Cardona in his *official capacity* as CTC)

45. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

46. On or about December 6, 2024, Plaintiff Lee filed an Attorney Misconduct Complaint with the office of CTC, stating,

> "I want to complain that the attorney for Mendoza is lying and is not telling the truth. They don't want to know the truth and is trying to blame me and the company policy and the other supervisors [allegedly] not letting the workers take breaks. This is not true. It is the [sic] workers choice. The company policy is good and gives freedom to workers and they like it. Many workers wanted to take their lunch later but cannot anymore because of Mendoza attorney and what they did. Many workers are not happy and complain to me always because of what Mendoza lawyer did. [UCA] is a lie and needs to be thrown out of court. I have a list of hourly workers and their telephone numbers who agree with me."

47. Plaintiff Lee then attached a list of about 24 then-former and then-current hourly workers of WCQ to the Bar complaint and submitted to CTC. A true and correct copy of the Bar complaint is attached hereto as **<u>Exhibit 1</u>** and incorporated hereto by reference thereto.

48. Plaintiff Lee is informed and believes and thereon alleges that Defendant Cardona took no actions in response to the Bar complaint.

49. At all relevant times, George Cardona, Chief Trial Counsel, of the State Bar of California acted under color of state law and in his official capacity as a state actor tasked with investigating and prosecuting attorney misconduct pursuant to statutory and regulatory authority granted by the State of California.

50. Plaintiff and other like-situated hourly workers have been the victims of UCA, a sham class action initiated by Capstone Defendants. UCA was filed in bad faith, misrepresents key facts, withheld other key facts, and has caused significant harm to Plaintiffs, namely the suspension of Meal Break Freedom, interference with Constitutional and Statutory rights, infringement on private affairs, and lost working hours. Even to this date, the harm continues.

51. However, despite receiving these detailed complaints, the Chief Trial Counsel took no actions, refused, neglected, and/or otherwise unreasonably and knowingly failed to take any steps toward

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

investigating and correcting wrong doings of Capstone Defendants. Plaintiff alleges the foregoing based on Capstone Defendants assertions that none of the individual defendants of Capstone Defendants received any notice from the Chief Trial Counsel or his agents.

52. The State Bar has no codified rules, regulations, or internal manuals to prioritize (or otherwise determine the need for expediting and/or prioritizing) such grave matters as such complaints, creating a regulatory void that allows such serious attorney misconduct to go uninvestigated and unpunished or delayed or neglected *for months or years*. This procedural failure reflects a broader systemic breakdown that has directly contributed to the ongoing grave harm suffered by Plaintiff and others like him. For instance, in light of more than 20 hourly workers (those who otherwise lack traditional accesses to legal resources) complained of attorney's frauds, oppressing their freedom, there should have been some mechanism to quickly address the complaint, instead of leaving such workers oppressed and deprived of their freedom.

53. The Chief Trial Counsel's failure to act constitutes acquiescence in and ratification of said deprivations and oppressions committed by Capstone Defendants. CTC's conduct is not shielded by prosecutorial discretion, as it goes beyond mere inaction – it embodies a pattern of obstruction that forecloses Plaintiff's and the other hourly workers' ability to seek justice through the State's regulatory framework. By the failures, CTC failed its own mission to protect the public as Plaintiff's and other hourly workers were subject to deprivation of Constitutional and Statutory Labor Rights through no fault of their own.

54. As a direct and proximate result of the Chief Trial Counsel's actions and omissions, WCQ and its hourly workers have been harmed, including deprivation of various Constitutional rights and Statutory Labor Rights, and the right to be free from oppressions from unethical lawyers.

55. Plaintiff will seek declaratory and injunctive relief, as well as damages permitted under relevant federal and State statutes (i.e., 42 U.S.C. § 1983) as well as writ of mandate (by way of separate petition, if applicable), for the constitutional violations arising from the Chief Trial Counsel's abuse of state authority and failure to perform his duties in accordance with constitutional mandates.

## SECOND CAUSE OF ACTION

### Suit In Equity to Vacate Void Judgment

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257. Fax: (408)748-3309

(Against Mendoza)

56. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above to the extent not inconsistent with this cause of action.

57. **Request for Judicial Notice RE Standing by Third Party**. Plaintiff individually, along with the members of the class certified in UCA have standing to sue in equity to vacate the void judgment because they have pre-existing interests in vacating the judgment entered in UCA. Among others, they are at risk of being sued by West Coast Quartz Corporation for indemnity and they also had Meal Break Freedom (self-determined meal break policy and practice within the guidelines set by WCQ with loose enforcement). Because of the judgment in UCA ("the Judgment"), all UCA class members are now collaterally estopped from disputing that they did not comply with the Company Mandates (defined in Para. 27).

58. **For the purposes of the foregoing**, Plaintiff respectfully requests this Court to take judicial notice of the following from *Paterra v. Hansen* (2021) 64 Cal.App.5th 507, 527-528: "The courts have long recognized that a void judgment may be attacked "directly or collaterally … either by parties or *strangers*." [citing*] OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330 [internal citations omitted, italics original]; accord, *Mitchell v. Automobile Owners Indem. Underwriters* (1941) 19 Cal.2d 1, 7 [internal parallel citation omitted] (Mitchell); *Henry M. Lee Law Corp. v. Superior Court* (2012) 204 Cal.App.4th 1375, 1382…; *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, 15–16… A void judgment is simply a nullity, and can be neither a basis nor evidence of any right whatever. But if the party bringing the motion is a stranger to the action, the party must point to "'some right or interest … [that] would be affected by … enforcement of the void order." (Internal double quotations and editorial marks omitted.)

59. The Judgment was void on the following grounds:

60. This Court lacked substantive jurisdiction in UCA on because this Court had no affective relief to grant, because the same type of meal break policies (giving ranges within which to have meal breaks without specifying meal break schedule) had been ruled as lawful by, earlier federal cases, i.e., *Dilts v. Penske Logistics LLC* (S.D. Cal. 2016) 188 F.Supp.3d 1016 (specific meal break schedule **not** necessary so long as the hourly workers are told to have meals); *Ontiveros v. Safelite Fulfillment, Inc.* (C.D. Cal.

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

2017) 231 F.Supp.3d 531, 538 ("As long as hourly workers are aware of their right to take a meal break within the first five hours of their shift and are not precluded from doing so in practice, the employer may leave the timing of meal breaks to the hourly workers' discretion"), citing *Dilts*, supra. Accordingly, there was no case or controversy in relation to the alleged unlawful meal break policy in that the hourly workers preferred the company's policy. Neither Mendoza nor any unnamed class members of UCA had issues with the meal break policy.

61. Additionally, Mendoza committed fraud on court by committing, among others, the following: (a) Fabricating claims of having not provided lawful meal breaks; (b) Submitting false one or more false declarations; (c) Withholding key information concerning unreliability of time records from the Court; (d) Withholding from the Court key concessions regarding WCQ's meal break policy.

62. Further, Capstone Defendants committed various misconducts depriving WCQ of its fair trial by, among others, conducting the following: (a) Intimidating and verbally attacking unnamed class members resulting in their reluctance to testify at deposition or trial; (b) Offering bribes to key witnesses-unnamed class members; (c) Cross-examining and impeaching the key witnesses-unnamed class members at trial; (d) Failing to adequately represent substantial numbers of unnamed class members since when they testified under oath to the facts undermining Mendoza's allegations.

63. The Court violated the Equal Protection Amendment by refusing (failing even after being fully briefed) to follow the statutory mandate of CCP § 583.360 (mandatory dismissal of stale cases over 5-years without "extension, excuse, or exception").

64. On account of all of the above, the Judgment was void.

65. [*Reserved for future use*]

### THIRD CAUSE OF ACTION

### Bane Act Violation

(Against Capstone Defendants and CTC)

66. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above to the extent not inconsistent with this cause of action.

67. Plaintiff, and all hourly workers at WCQ, whose employment with WCQ overlapped any period during which WCQ ended offering and/or permitting Meal Break Freedom, suffered loss of

BHS Law, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

Constitutionally permitted Contract Rights (see *Locher v. New York* (1905) 198 U.S. 45 (the Supreme Court finding that the right to make a private contract is a fundamental right)) and/or the Statutory Labor Rights (defined in Para. 29, above).

68. By the coercion – by way of abuse of legal action (see *for example* Pen. C. § 236.1 (the definition of coercion including "the abuse or threatened abuse of the legal process")) and threats and intimidation of Plaintiff and other class members, Defendants interfered, and continue (to this date) to interfere with, and attempt to interfere with, Plaintiff' and the other hourly workers' Constitutional and Statutory Labor Rights to transact with their employer, WCQ, for Meal Break Freedom. Even an attempt to interfere with the rights is ground for an action under the BANE ACT. See Civ. Code §52.1 subds. (a), (b); see also *Ramirez v. County of Los Angeles* (C.D. Cal. 2005) 397 F.Supp.2d 1208.

69. As a proximate result of Defendants' wrongful actions, Plaintiff and hourly workers of WCQ have been damaged including but not limited to the loss of the benefits of Meal Break Freedom, including the benefit of having the discretion and freedom to have meals as late as within 6th hour of work and resulting disruption in family lives, longer commutes, and related pain and sufferings.

70. As a direct and proximate result of Capstone Defendants' breach, including the ongoing breach, Plaintiff suffered damages in an amount not less than one billion four hundred million dollars ($1,400,000,000.00) and continuing to accrue and increase every day. Plaintiff roughly estimated the foregoing figure as follows: There were 295 class members, whom Capstone Defendants represented but violated, among others, BANE ACT violations by oppressing their rights, which went on now about 5.4 years. Thus, conservatively assuming 220 workdays per year for each class member, the statutory damage (under the BANE ACT) for each class member is $4,752,000 (per class member). Aggregating statutory damages for all 295 class members, the total statutory damages are $1,401,840,000. This is the price for Capstone Defendants' interference with class members' Constitutional and Statutory Labor Rights.

71. Additionally, there are other hourly workers of WCQ whose rights were also infringed by Capstone Defendants' wrongdoings. Plaintiff estimates that there are about 20 such hourly workers. For these hourly workers, the statutory damage would be $4,000 per day for each day a worker's rights were violated while working at WCQ. The statutory damage for each such employee varies on an employee-by-employee basis. For example, a WCQ employee like Edward Guardado, Jr. would be entitled to

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

statutory damage of no less than $4,752,000 or so. Plaintiff will supplement this estimate with additional evidence and a detailed breakdown of damages for each affected employee upon the completion of discovery.

72. Plaintiff and the other hourly workers similarly situated are also entitled to reliefs including actual damages, statutory damages, attorneys' fees, and injunctions.

### FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty / Professional Negligence

(Against Capstone Defendants)

73. Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above to the extent not inconsistent with this cause of action.

74. The fact that this Court entered the Judgment in UCA in favor of the class (regardless whether it is void) is not a defense to this claim. See *Janik v. Rudy, Exelrod & Zieff* (2004) 119 Cal.App.4th 930, 941 (the appellate court affirming *this Court's* (Superior Court of Alameda County, No. 2002070478) earlier ruling against the class counsel, the appellate court holding, among others, that class counsels do owe fiduciary duties as to matters **other than** certified class claims, after noting that the class counsel had won judgment for the class).

75. Capstone Defendants owed fiduciary duties to the entire class members of UCA.

76. Capstone Defendants breached the duty by their conducts, including, among others, the following:

    (a) Committing BANE ACT violations against class members by oppressing class members' Constitutional and Statutory Labor Rights,

    (b) Causing WCQ to end Meal Break Freedom,

    (c) Maintaining its opposition to the hourly workers' efforts to re-instate the same,

    (d) [*Reserved for future use*],

    (e) Failing to commence trial in UCA within the 5-year period,

    (f) Cross-examining and impeaching known class members on record,

    (g) Opposing WCQ's attempt to dismiss UCA on procedural grounds resulting in unfavorable res judicata,

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309

    (h) Proving UCA class members' violation of WCQ's Company Mandate (see Para. 27), and/or

    (i) Failing to investigate whether individual hourly workers' grievances against individual supervisors indicate a company-wide unlawful practice. For example, a class member, Timothy Rice, testified that his immediate supervisor, David Anders, interfered with his taking meal breaks on time. However, Capstone Defendants did not allege unlawful practices as part of UCA.

**77.** Capstone Defendants also abandoned Plaintiff Supervisors and UCA members by failing to represent the best interests of the class members of UCA.

**78.** However, there are other damages caused by Capstone Defendants' breach, such as lost work hours, [*reserved for future use*], etc., which are in addition to the statutory damages.

**79.** The acts of Capstone Defendants are willful, wanton, malicious, and oppressive, thus justifying an award of exemplary and punitive damages against all Capstone Defendants.

**80.** The plaintiffs are entitled to compensatory damages, punitive damages, and reasonable attorney's fees.

### FIFTH CAUSE OF ACTION

<u>Equitable / Implied Contractual Indemnity</u>

(Against Capstone Defendants)

**81.** Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above to the extent not inconsistent with this cause of action.

**82.** To the extent that UCA's class members are liable for indemnifying WCQ for costs, judgments, and other liabilities arising from UCA on account of the class members' violation of Company Mandates, Capstone Defendants are to indemnify.

**83.** Capstone Defendants fabricated the allegations of, and/or failed to use reasonable care in prosecuting, UCA under the terms of the certification of UCA as class action – among others, it failed to consider the Irregular Time Records (defined in Para. 28), the Company Mandate, and the class members' preferences of Meal Break Freedom.

BHS Law, LLP
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257. Fax: (408)748-3309

84. Capstone Defendants' failure was a substantial factor in causing Plaintiff's and UCA class members' harm.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, pray for relief and judgment against each of the Defendants, jointly and severally, as follows:

1. Certification of this action as a class action on behalf of the class members.

2. Designation of Plaintiff as representative of the class.

3. Designation of Plaintiff's counsel of record as class counsel for the class.

4. General damages, including applicable statutory damage under Civil Code §52 in the amount of four thousand dollars ($4,000) for each occasion where Plaintiff's and a putative class member's Constitutional and Labor Rights was violated by Defendants' actions, totaling not less than one billion four hundred one million dollars ($1,401,000,000).

5. Prejudgment interests on damages, the date of whose occurrence is certain, including but not limited to lost work hours, [*reserved for future use*].

6. Punitive damages.

7. Attorney's fees and costs.

8. Injunctive Relief.

9. Such other and further relief as the Court may deem equitable and appropriate. Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

Dated: June 9, 2025

Bhs Law, LLP

/s/ Brian H. Song

Brian H. Song, Esq. (SBN 188662)

Attorney for Plaintiff

BHS LAW, LLP
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)748-3309